**LLOYD MCKINNEY**                                                                **PLAINTIFF**

**VS.**                                    **NO. 4:24-cv-00880 KGB**

**AMMUNITION OPERATIONS, LLC**                                      **DEFENDANT**

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Comes the Plaintiff, Lloyd McKinney, and for his statement of undisputed material facts in support of Plaintiff's response to motion for summary judgment, states:

1.      Plaintiff was using the upstairs bathroom on an emergency. As he was in the stall Coy Snider entered the bathroom loudly and aggressively. Plaintiff was rudely interrupted. This is the bathroom incident on March 29, 2024.

2.      After leaving the bathroom, between 6:15 a.m. and 6:30 a.m. Coy Snider entered the break room being aggressive again saying "come with me Lloyd," out on the floor in the work area, body and hands moving being aggressive.

3.      Coy Snider said Lisa Hebrew said somebody was in the bathroom being loud. Lisa Hebrew immediately said it was not true.

4.      Plaintiff and Coy Snider went to the plant manager Craig

5.      These attacks happened three different times: in the bathroom, in the break room and in the work area.

6. Plaintiff has been working 5:00 a.m. - 3:00 p.m. for the last two years. Coy Snider stopped Plaintiff from coming in early on his shift.

7. Earnest Terry, team lead, informed Plaintiff that Coy was asking questions about Plaintiff's schedule. The next week Plaintiff's schedule changed. Plaintiff was no longer allowed to do his schedule 5:00 a.m. - 3:00 p.m.

8. Plaintiff did not get to work any overtime until Coy Snider moved back to the bullet area in late December 2024.

9. Coy Snider and Mitch Wood are being untruthful about who entered the bathroom with Plaintiff. It was Coy's voice. Plaintiff recognized it.

10. Mitch Wood is not Plaintiff's supervisor nor team lead. He has no supervision over the shell area.

12. Plaintiff had several meetings about this incident but nothing has happened.

13. Plaintiff had to contact the EEOC to stop Coy Snider from harassing him.

14. Out of 34 people in the shell area, Plaintiff was the only one who was told to mop the floor by Coy Snider and Remington has a cleaning crew. Plaintiff took this as intimidation.

15. The Defendant changed the title of Plaintiff's job after the incident. See Exhibit 1, Pl. Dep. Tr. 9:6-11.

16. Plaintiff was hired on February 28, 2012. On March 29, 2024, Plaintiff was told by Coy Snider that he was not allowed to use a universal bathroom that he was using. Plaintiff went to HR and reported the incident. Plaintiff had a meeting with the plant manager with HR and told the plant manager about the incident. The plant manager told Plaintiff he could use any bathroom he wanted except a female bathroom. On April 16, 2024, Plaintiff was told that Coy Snider was asking about his schedule and changed Plaintiff's schedule to working 8 hours

instead of ten hours. See Plaintiff's EEOC complaint, Exhibit 3, Plaintiff's deposition. See Exhibit 1.

17. Plaintiff incorporates Exhibit 5 of his deposition.

18. Plaintiff's job was changed after he filed his EEOC complaint. See Exhibit 1, Pl. Dep. Tr. 10:1-24.

19. Plaintiff's scheduled was changed after the incident. See Exhibit 1, Pl. Dep. Tr. 22: 21-25, 23:1-6.

20. Plaintiff came in two hours early ever work day prior to his scheduled shift for a 10 hour work day.  Pl. Dep. Tr. 24:11-25, 25:1-8, See Exhibit 1.

21. Plaintiff went to the emergency bathroom. Pl. Dep. Tr. 25:16-25.

22. Plaintiff has stopped using the emergency restroom because he doesn't want anymore trouble. Pl. Dep. Tr. 27:1-8.

23. Plaintiff was yelled at while he was using the restroom. Pl. Dep. Tr. 28: 2-25.

24. Coy Snider yelled at Plaintiff. Pl. Dep. Tr. 29:4-16.

25. Coy Snider insulted Plaintiff in the bathroom, said come  here, motioned with his fingers, accusing Plaintiff of playing loud music in the restroom. Pl. Dep. Tr. 31:1-25.

26. Coy Snider opened the door and said you come here, motioned with his hand. Coy Snider then attempted to provoke a physical altercation. Pl. Dep. Tr. 33:1-25.

27. Plaintiff was told not to use the bathroom anymore. Pl. Dep. Tr. 34:1-4.

28. Plaintiff tried to get away from Coy Snider. Pl. Dep. Tr. 34:13-18.

29. Coy Snider told Plaintiff to lower his voice when Plaintiff talked to him several years before. Pl. Dep. Tr. 39:3-12.

30. Plaintiff  felt Coy talked to Plaintiff that way because Plaintiff is black. Pl. Dep.

Tr. 39: 18-25, 40:1-11.

31.     Plaintiff's schedule was changed regarding overtime. Pl. Dep. Tr. 48:21-25, 49:15-23.

32.     Plaintiff was told that Coy Snider said stop doing overtime. Pl Dep. Tr. 50:2-6, 11-14, 24-25, 51:12-25.

33.     Plaintiff's schedule was changed so if he signed up for overtime it would be different hours. Pl. Dep. Tr. 54:1-25.

34.     There was a camera videoing who goes into the bathroom. No one saw Plaintiff. Pl. Dep. Tr. 120:3-25, 121:8-24.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com